# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMY HEBERT, ET AL** | : | **CIVIL ACTION NO. 18-00899** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **PRIME INSURANCE CO., ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the court is a Motion to Compel filed by defendants Prime Insurance Company, Santa Barbara Services, LLC, and Gerardo Peralez, Jr. (hereinafter "defendants"). Doc. 33. The motion is opposed by plaintiffs Jeremy Hebert and Coca-J Truck-N, LLC (hereinafter "plaintiffs"). Doc. 37.

For the following reasons, the motion is **GRANTED**.

## I.
### BACKGROUND

On March 15, 2018, plaintiff Hebert was driving an eighteen-wheeler on I-210 in Calcasieu Parish, Louisiana, when he was rear ended by another eighteen-wheeler driven by defendant Peralez. Doc. 1, att. 2, pp. 3-6. Hebert filed suit alleging that he suffered bodily injuries as a result of the accident. *Id.* at p. 5. He also claimed damages for past and future loss of income, earnings, and wages, and loss of earning capacity. *Id.* In addition, on behalf of Coca-J Truck-N, LLC he claimed damages for loss of use of the vehicle and trailer, property damage to the vehicle and its trailer, and diminished value of the vehicle and trailer. *Id.*

At a deposition taken in connection with this litigation, when Hebert was asked about his

lost wage claim, he was unable to give any information regarding how much he made a week, a month, or even a year.[1] Defendants maintain that Hebert has been in eight accidents prior to the date of the subject accident and has filed a lawsuit or made a claim in at least four of those accidents yet in his deposition he was unable to give any specifics regarding these accidents, including the name of any insurance company that made a payment to him. Doc. 33, att. 1, pp. 2-3, doc. 38, p. 2. Hebert did testify that both his personal and business accounts are located at South Lafourche Bank. Doc. 33, att. 3, p. 4.

Following the deposition, defense counsel requested via email dated May 22, 2019, that Hebert provide his personal and business records from South Lafourche Bank from 2011 to the present.[2] Doc. 33, att. 4, p. 1. In a follow-up email dated May 31, 2019 defense counsel stated that she would not pursue a motion to compel bank records if Hebert would provide the following information:

1) The name of all parties involved in all prior accidents, suits and claims, including the name of the insurance companies, insured, drivers and the name of all claimants (i.e. whether Jeremy Hebert individually or Coca-J or both);

2) The policy and/or claim number associated with all claims made by Jeremy

---

[1] Q: Have you calculated how much lost wages that you sustained since the accident?
A: No, ma'am.
Q: And you said you were paid per load, correct?
A: Yes, ma'am.
Q: Do you have an idea of how much you were bringing in a week when you were working?
A: That, I'm not sure of.
Q: Do you know how much you were bringing in per month?
A: No.
. . .
Q: Do you know how much you were earing a year with Coca-J?
A: That, I'm not sure of.
Q: So as we sit here today, you cannot give me any figure at all as far as how much lost wages you are seeking?
A: No, ma'am.
Doc. 33, att. 3, pp. 5-6.

[2] Defendants assert that Hebert testified that his first accident prior to the subject accident occurred in 2011. Doc. 38, p. 3.

Hebert and Coca-J; and

3) The date of the accident or incident associated with said claims or accidents.

Doc. 33, att. 6, p. 1. Defendants assert that they have not received any information from plaintiffs to date. Doc. 33, att. 1. p. 3. Thus, they move the court to compel plaintiffs to produce bank records from South Lafourche Bank from 2011 to the present. Defendants also ask for costs and attorney's fees associated with filing the motion.

## II.
### LAW AND ANALYSIS

The party posing discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. FED. R. CIV. P. 37(a). The rules of discovery are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Hebert v. Lando*, 99 S.Ct. 1635, 1649 (1979). Nevertheless, discovery does have boundaries and it is well established that the scope of discovery is in the sound discretion of the trial court. *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304–05 (5th Cir. 1973). Under the Federal Rules of Civil Procedure, this scope is defined as:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). Information need not be admissible as evidence in order to be deemed within the scope of discovery. *Id.* Relevant information is defined as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 98 S.Ct. 2380, 2389 (1978).

Defendants assert that they are requesting plaintiffs' bank records because "the records provide critical information about Jeremy Hebert's prior accidents allowing Defendants the ability

to subpoena the claims files of those accidents, namely the identity of the insurance companies who settled the previous matters with Plaintiffs." Doc. 38, p. 3. They assert that the claims files may contain relevant information regarding prior injuries sustained by Hebert, prior wage loss claims, and information about any prior property damage claim affecting the truck being driven by Hebert on the date of the subject accident. *Id.*

In opposing the motion plaintiffs claim that the information sought is "irrelevant and not proportional to the needs of the case." Doc. 37, p. 1. Hebert maintains that he has provided medical authorization forms to defendants which would enable them to discover any injuries related to any prior accident. *Id.* at p. 2. Further, in regard to Hebert's lost wage claim, he maintains that he has provided tax returns to defendants for the years 2012 through 2018.[3] Plaintiffs argue hat defendants' request for banking records is unnecessarily invasive and overly broad. We disagree.

First, as to the "unnecessarily invasive" argument, we note that plaintiffs have been given an opportunity to provide relevant information to defendants without the necessity of subpoenaing their bank records, however, plaintiffs failed to respond. Plaintiffs have placed their physical health, earning potential, and economic losses at issue by filing this lawsuit. We find that plaintiffs bank record may contain information that reasonably could lead to other matter that could bear on any issue that is or may be in this case. For these reasons, we conclude that defendants' motion should be granted.

We also find that plaintiffs were unjustified in refusing to respond to defendants' requests for relevant information and under Rule 37(a)(5)(A) we determine that attorney's fees and costs associated with the filing of this motion should be awarded to defendants.

---

[3] It is unclear whether both plaintiff Hebert and plaintiff Coca-J Truck-N, LLC provided tax returns. Defendants contend that "[p]laintiffs have consistently refused to respond to Defendants' request for Plaintiffs to execute IRS form 4506 so that Plaintiffs' personal and business tax returns can be requested." Doc. 38, p. 4.

## III.
### CONCLUSION

For the reasons stated above, defendants' Motion to Compel [doc. 33] is **GRANTED**.

**IT IS ORDERED** that Jeremy Hebert and Coca-J truck-N, LLC produce bank records from South Lafourche Bank from the year 2011 to the present.

**IT IS FURTHER ORDERED** that defendants are to submit within fourteen (14) days a statement of fees and expenses incurred in connection with the filing of this motion unless plaintiffs seek relief from the district court in which case the statement is owed fourteen (14) days following the district court's resolution should we be sustained.

THUS DONE AND SIGNED in Chambers this 15th day of October, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE