# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **JEREMY HEBERT** | **CASE NO. 2:18-CV-00899** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PRIME INSURANCE CO., ET AL.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the Court is an "Appeal of Magistrate Decision" [doc. 41] filed by plaintiff Jeremy Hebert, who has filed suit to recover for injuries sustained in a motor vehicle accident. Hebert seeks to recover for lost wages, bodily injuries, and damage to his vehicle on behalf of himself and his business, Coca-J Truck-N, LLC. The appeal is from Magistrate Judge Kathleen Kay's Memorandum Ruling and Order [doc. 40] granting defendants' Motion to Compel.

In that motion defendants sought production of Hebert's records at South Lafourche Bank from 2011 to present. They stated that they had attempted to obtain information about Hebert's income and numerous prior vehicular accidents for the last several months but that Hebert had provided insufficient documentation of his lost wages and could hardly provide any details on the prior accidents, which might prove relevant in terms of prior injuries and damage to his vehicle. Defendants maintained that the bank records were therefore necessary to discover details about Hebert's income before the accident as well as the identity of the insurance agencies which had paid his prior claims, so that the details of those accidents could be discovered. Hebert protested that the subpoenas for his bank

records were overly broad and invasive, and argued that defendants already had access to the needed information through the tax documents he has provided and his medical authorization forms.[1]

Noting that Hebert had placed these subjects at issue through his claims and had failed to respond or inadequately responded to defendants' attempts to obtain the information through less invasive means, Magistrate Judge Kay granted the motion by order dated October 15, 2019.[2] Hebert appealed on October 31, 2019, reiterating the arguments he made from the original motion to compel, and defendants have responded.

A magistrate judge hears and determines pretrial matters "not dispositive of a party's claim or defense." 28 U.S.C. § 636(b)(1)(A). A party may appeal a magistrate judge's ruling on such a motion within fourteen days of being served with a copy. Fed. R. Civ. P. 72(a); L.R. 74.1. Accordingly, this appeal is untimely and subject to dismissal on that basis alone. Because defendants have not objected to the untimeliness, however, the court will also consider the merits of the appeal.

A magistrate judge's ruling on a non-dispositive motion may only be overturned if it is clearly erroneous or contrary to law. *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (citing Fed. R. Civ. 72(a)). Under Rule 26(b), parties may obtain discovery regarding any non-privileged matter that is relevant to a claim or defense. The discovery

---

[1] Hebert asserts that he has provided copies of income tax returns from 2012 through 2017. Doc. 37, p. 2 n. 2. In support he attaches his response to a request for production of documents, on which he indicates that he is "attaching all documents responsive" to a request for tax documents for the past five years. Doc. 37, att. 2, p. 2. Defendants do not state which tax records they have, but maintain – and Hebert does not refute – that Hebert has consistently refused to execute the form to allow them to obtain his business and personal records from the IRS. *See* doc. 40, p. 4 n. 3.
[2] Magistrate Judge Kay also granted the defendants' request for costs and attorney fees, but defendants have withdrawn that request in their opposition to Hebert's appeal. Doc. 45, p. 6.

sought must be proportional to the needs of the case. It may also be limited under Rule 26(c) on several grounds, including undue burden. Discovery rules, however, must "be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Control of discovery is limited to the trial court's sound discretion. *Van Duzer v. U.S. Bank Nat. Ass'n*, 582 F. App'x 279, 283 (5th Cir. 2014).

Bank statements are "highly sensitive documents." *Natural Gas Pipeline CO. of America*, 2 F.3d 1397, 1411 (5th Cir. 1993). To justify their disclosure, the requesting party must show that the requested financial information is relevant and that the information contained in the records is not readily available through alternative forms of discovery. *Butler v. Exxon Mobil Ref. & Supply Co.*, 2007 WL 4059867, at *2 (M.D. La. Aug. 28, 2008). Hebert fails to demonstrate that the magistrate judge's conclusions were clearly erroneous or contrary to law, with respect to either the relevance of his bank records or the extent to which the information could be obtained through other sources given his prior conduct in discovery. As the magistrate judge noted, it is unclear what tax documents have been provided and whether these are for Hebert, his business, or both. Defendants have also shown that information relating to the other accidents may prove relevant, and Hebert has provided little to no assistance in showing them how they could otherwise obtain records of these events. Accordingly, the appeal [doc. 41] is **DENIED** and the Order [doc. 40] granting the Motion to Compel stands, with the exception of defendants' withdrawn request for attorney fees.

**THUS DONE AND SIGNED** in Chambers on this 3rd day of December, 2019.

                     _____
                                **JAMES D. CAIN, JR.**
                       **UNITED STATES DISTRICT JUDGE**