UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JEREMY HEBERT, ET AL.** | **CASE NO. 2:18-CV-00899** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PRIME INSURANCE CO., ET AL.** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a Motion in Limine [doc. 47] filed by plaintiffs Jeremy Hebert and Coca-J Truck-N LLC, seeking exclusion of any evidence relating to (1) Mr. Hebert's prior accidents and (2) collateral source payments for Mr. Hebert's medical bills. Defendants oppose the motion as it relates to evidence of prior accidents. Doc. 52. Also before the court is a Motion to Strike [doc. 53] by Mr. Hebert, relating to the accident reports used by defendants as evidence of the prior accidents. Defendants oppose that motion as well. Doc. 58.

**I.**
**BACKGROUND**

This suit arises from a motor vehicle accident that occurred on March 15, 2018. Plaintiff Jeremy Hebert was driving an 18-wheeler owned by his employer, Coca-J Truck'n LLC ("Coca-J"), on Interstate 210 in Calcasieu Parish, Louisiana. Hebert alleges that he had stopped due to traffic congestion when he was rear-ended by Gerardo Peralez Jr., who was also operating an 18-wheeler. Doc. 1, att. 2, pp. 3–4. As a result of the accident, Hebert

alleges that he suffered serious bodily injury and that Coca-J sustained damage and loss of use to the truck and trailer Hebert was operating. *Id.* at 5.

Hebert and Coca-J filed suit against their uninsured/underinsured motorist insurer, United States Specialty Insurance Company ("USIC"); Peralez; his employer Santa Barbara Services, LLC ("Santa Barbara"); and Santa Barbara's insurer, Prime Insurance Company ("Prime") in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. Defendants removed the action to this court based on diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Defendants then sought production of Hebert's banking records, asserting in relevant part that he had been in eight prior accidents since 2011 and had filed a lawsuit or made a claim in at least four of these but had not provided any records or details relating to the accidents. Doc. 33. The court granted the motion to compel, noting that the prior accidents could contain information relevant to prior injuries, wage loss claims, and property damage affecting the truck driven in this incident.[1] Doc. 40.

Plaintiffs now move to exclude any evidence on several of those accidents, arguing that they are irrelevant and unfairly prejudicial. Specifically, they assert that only two of the accidents (from January 2015 and January 2017) involved vehicular incidents in which Mr. Hebert was injured and that evidence of these incidents should be admitted on a limited basis relating to causation and compensation. Doc. 47, att. 1, pp. 2–3.

Defendants maintain that they have since uncovered evidence of two additional accidents, bringing the total to ten. They concede that one of these, involving injury to Mr.

---

[1] Defendants note, however, that the parties since agreed that defendants would not seek Mr. Hebert's complete banking records if he provided more details regarding his prior accidents. Doc. 52, p. 3.

Hebert's hand with a chop saw, has no relevance. They assert, however, that the other nine are directly relevant and highly probative to several issues. They also assert that a ruling would be premature on three of the accidents, where defendants have not been able to obtain sufficient information.

## II.
## LAW & APPLICATION

Evidence should only be excluded *in limine* where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. The court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Defendants have identified the following incidents involving Mr. Hebert and/or the subject vehicle:

1) On October 10, 2013, Mr. Hebert was operating the same vehicle involved in the subject accident when he hit and damaged a gate at the Haliburton facility in New Iberia, Louisiana.

2) On December 3, 2013, Mr. Hebert was in a motor vehicle accident in LaFourche Parish when a vehicle making a left turn on the roadway crossed

the center line and hit the driver's side of Mr. Hebert's vehicle. Mr. Hebert was driving the same vehicle involved in the subject accident. His insurer paid for property damages to that vehicle and filed suit against the alleged responsible party. Mr. Hebert and Coca-J intervened in the suit, claiming damage to the trailer, loss of income/use of the trailer, and diminished income.

3) On May 31, 2014, Mr. Hebert was involved in another vehicle incident in Lafayette, Louisiana, when he backed his vehicle into a car parked in a private drive behind him. Defendants are requesting complete records from Mr. Hebert's insurer on this matter.

4) On June 12, 2014, Mr. Hebert was involved in another vehicle incident in Assumption Parish. He was driving the same vehicle involved in this suit and was allegedly stopped for traffic when he was rear-ended by another vehicle. Defendants have subpoenaed records for this accident but have received no response.

5) On January 16, 2015, Mr. Hebert was operating the vehicle involved in this incident in the city of Lockport, Louisiana. He was again allegedly stopped for traffic when he was rear-ended by another vehicle. He complained of back pain and requested an ambulance to transport him to the hospital. Defendants maintain that Mr. Hebert was treated for neck injuries and made claims for bodily injuries, property damages, and loss of business. Doc. 52, p. 4.

6) On June 23, 2016, Mr. Hebert hit a deer in Patterson, Louisiana, while operating the same vehicle involved in the subject accident. As a result the vehicle sustained damages worth an estimated $15,000.

7) On January 5, 2017, Mr. Hebert was driving the same vehicle involved in the subject accident when he was involved in a three-vehicle crash in New Orleans, Louisiana. In that incident a vehicle lost control, hit a guardrail, and then struck Mr. Hebert's vehicle. Defendants contend that Mr. Hebert made claims for bodily injuries and property damage.

8) On May 11, 2017, Mr. Hebert was again rear-ended and defendants believe he was driving the same vehicle involved in the subject accident. Defendants are still attempting to locate records on this incident.

9) On August 24, 2017, the trailer for the subject vehicle was damaged while being used for hurricane recovery efforts in Iberville Parish.

Doc. 52, pp. 4–5.

Plaintiffs first move to strike many of the defendants' sources relating to these accidents. They also contend that the prior accidents are unfairly prejudicial and inadmissible character evidence.

*A. Motion to Strike*

Plaintiffs move to strike the accident reports offered to describe the above incidents, because they are hearsay and thus inadmissible at trial under Federal Rule of Evidence 802. The court agrees and will not permit defendants to use these exhibits at trial. Because there is no competent evidence from which to determine the details of the accidents, the court

will instead rely on the summaries offered in the defendants' brief as good faith representations of what their evidence may show at trial. To the extent mention of any accident is permitted at trial, defendants will have to support the event with admissible evidence.

### B. *Character/Prejudice Challenges*

Federal Rule of Evidence 404(b) prohibits otherwise admissible evidence of prior bad acts to prove a person's character, "in order to show that on a particular occasion the person acted in accordance with the character." Evidence of prior acts may be used for other purposes, including when relevant to the issue of damages. *Id.* at 404(b)(2); *see, e.g.*, *McIntyre v. Bud's Boat Rental, LLC*, 2003 WL 22174236, at *4 (E.D. La. Sep. 9, 2003). In such cases, however, the evidence is still subject to Rule 403's limitations on unfair prejudice. Accordingly, a 404(b) inquiry requires determining that the evidence (1) is relevant to an issue other than the person's character and (2) possesses sufficient probative value to outweigh any objections under Rule 403. *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 784–85 (5th Cir. 2018).

Plaintiffs assert that the prior accidents will be introduced to show that Mr. Hebert is a careless driver, and that they are therefore inadmissible. Defendants maintain that each of the above is relevant on at least one of the following grounds: (1) Coca-J's negligent entrustment of the vehicle to Mr. Hebert; (2) defense of plaintiffs' economic loss claims; (3) causation for Mr. Hebert's injuries; (4) causation for Coca-J's property damage claims and the condition of the vehicle on the date of the accident; or (5) Mr. Hebert's credibility, based on his alleged failure to disclose prior accidents on employment applications. They

also maintain that a ruling on the May 2014, June 2014, and May 2017 accidents would be premature because they have not yet gathered sufficient information on these.

Plaintiffs claim that the vehicle was in pristine condition and quote deposition testimony on the circumstances surrounding the accident in order to show that Mr. Hebert could not have been at fault. They contend that only the January 2015 and January 2017 incidents are potentially relevant to Mr. Hebert's injuries, and that Mr. Hebert was not at fault for any of the prior incidents. Doc. 54. They also maintain that the prior employment application on which Mr. Hebert allegedly misrepresented his driving history is inadmissible and that the omissions are insufficiently probative. They do not attach the transcripts from which they quote, however, and they otherwise rely on what they believe the evidence at trial will show. Accordingly, as defendants suggest, there is insufficient information available on these accidents for the court to make a categorical ruling on their admissibility.

Evidence of a driver's prior accidents is relevant to a negligent entrustment of a motor vehicle claim. Fed. R. Evid. 404, 1972 Advisory Note to Subd. (a). As plaintiffs point out, however, defendants have not raised negligent entrustment as an affirmative defense in this matter and their time for amending their answer has passed. Defendants make no showing that any such affirmative defense exists and may be properly raised at trial. The accidents may, however, provide relevant information on plaintiffs' claims for injury and property damages. Specifically, Accidents 2, 4, 5, 6, 7, and 9 may be admissible for the limited purpose of defending against Coca's property damage claims. No mention of Mr. Hebert as driver is permitted as to Accidents 2, 4, and 6. Accidents 5 and 7 may be

admissible for defending against Mr. Hebert's injury claims. The circumstances and lack of injury involved in Accidents 1 and 3 render them irrelevant. Finally, because defendants contend that they still lack sufficient information on Accidents 3, 4, and 8, the court's ruling on these accidents may be modified if defendants can show that more significant injury or property damage resulted than can be surmised from the above summaries.

As for the economic loss and credibility grounds, defendants contend that the accidents are relevant to show that Mr. Hebert misrepresented his driving record by omitting some of the above accidents and that his prior accidents – rather than his injuries or property damage – were behind Coca's need to hire another driver to fulfill lease obligations. None of the above accidents shows sufficient fault to justify putting Mr. Hebert's driving record at issue and potentially confusing matters for the jury. As for credibility, the accidents will be admissible for impeachment purposes during Mr. Hebert's testimony provided that the issue arises and a proper foundation is laid.

As for plaintiffs' unopposed portion of the motion, the court agrees that evidence of collateral source payment of medical bills is generally irrelevant. *E.g.*, *Global Petrotech, Inc. v. Engelhard Corp.*, 58 F.3d 198, 202 (5th Cir. 1995); *Howard v. Offshore Liftboats, LLC*, 2016 WL 232241, at *3 (E.D. La. Jan. 19, 2016). Accordingly, the court will grant the motion to exclude evidence or mention of such payments.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Strike [doc. 53] be **GRANTED** and that the Motion in Limine [doc. 47] be **GRANTED IN PART** and

**DENIED IN PART**, as described above, as to the prior accidents and **GRANTED** as to collateral source payments for medical bills.

**THUS DONE AND SIGNED** in Chambers on this 18th day of March, 2020.

                                          **JAMES D. CAIN, JR.**
                              **UNITED STATES DISTRICT JUDGE**