# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **JEREMY HEBERT, ET AL.** | **CASE NO. 2:18-CV-00899** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PRIME INSURANCE CO., ET AL.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court are Motions in Limine [docs. 64, 65] filed by plaintiffs Jeremy Hebert and Coca-J Truck'n LLC, seeking to strike affirmative defenses. Defendants oppose the motions. Docs. 75, 76.

## I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred on March 15, 2018. Plaintiff Jeremy Hebert was driving an 18-wheeler owned by his employer, Coca-J Truck'n LLC ("Coca-J"), on Interstate 210 in Calcasieu Parish, Louisiana. Hebert alleges that he had stopped due to traffic congestion when he was rear-ended by Gerardo Peralez Jr., who was also operating an 18-wheeler. Doc. 1, att. 2, pp. 3–4. As a result of the accident, Hebert alleges that he suffered serious bodily injury and that Coca-J sustained damage and loss of use to the truck and trailer Hebert was operating. *Id.* at 5.

Hebert and Coca-J filed suit against their uninsured/underinsured motorist insurer, United States Specialty Insurance Company ("USIC"); Peralez; his employer Santa Barbara Services, LLC ("SBS"); and Santa Barbara's insurer, Prime Insurance Company

("Prime") in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. Defendants removed the action to this court based on diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

Trial in this matter is currently set for May 26, 2020. By motions in limine filed on March 23, 2020, plaintiffs move to strike the affirmative defenses asserted by Prime [doc. 64] and USIC [doc. 65] as unsupported and to exclude all evidence brought in connection with those defenses. USIC and Prime both oppose the motions as untimely, vague, and improper. Docs. 75, 76.

## II.
## LAW & APPLICATION

A motion in limine allows the court to make a preliminary determination to exclude evidence that is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). The proper mechanism for challenging an insufficient affirmative defense is a motion to strike filed under Federal Rule of Civil Procedure 12(f). *E.g.*, *Acadian Diagnostic Labs., LLC v. Quality Toxicology, LLC*, 2017 WL 9439103, at *2 (M.D. La. Nov. 17, 2017). Under Rule 12(f), the court may strike an insufficient defense "on a motion made by a party served with the pleading" if the motion is brought "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2).

This matter concerns the answers and affirmative defenses filed by Prime and USIC on July 17, 2018, and October 4, 2018, respectively. Docs. 6, 13. Plaintiffs' motions were

not filed until March 23, 2020. Docs. 64, 65. Accordingly, the motions are untimely under Rule 12(f)(2).

Under Rule 12(f)(1), the court may also "strike an insufficient defense . . . *sua sponte*" at any time. *GE Capital Commercial, Inc. v. Worthington Nat. Bank*, 2011 WL 5025153, at *1 (N.D. Tex. Oct. 20, 2011) (citing *McCorstin v. U.S. Dep't of Labor*, 630 F.2d 242, 244 (5th Cir. 1980)). "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013). "Even when addressing a pure question of legal sufficiency," however, "courts are 'very reluctant' to determine such issues on a motion to strike" and generally prefer to address them through summary judgment or at trial. *Veranda Assocs., L.P. v. Hooper*, 2012 WL 602143, at *3 (S.D. Tex. Feb. 23, 2012) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2004)).

Defendants concede that their prescription defense is not viable and assert that they will not pursue it. They submit that legal principles and evidence adduced during discovery provide adequate support for their remaining defenses. Additionally, as defendants note, plaintiffs might have challenged any defense through a motion for summary judgment but did not.[1]

Given plaintiffs' failure to timely challenge any of the defenses through a more suitable mechanism, the court will not sort through the evidence now in order to narrow the scope of trial on their behalf. The court also declines to rule on Prime's request – raised

---

[1] The dispositive motion deadline in this matter was December 23, 2019. *See* doc. 19 (scheduling order). Plaintiffs did not file a motion for summary judgment or seek to extend that deadline.

in response to plaintiffs' motion – that the court permit its affirmative defense that a claim is barred by settlement or compromise but bar any evidence of settlement "because such evidence is inadmissible for showing liability." Doc. 76, p. 11. Prime should have included this issue with the several others raised in its own timely-filed Motion in Limine [doc. 62] and must now await trial to seek additional exclusions.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that plaintiffs' Motions in Limine [docs. 64, 65] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 9th day of April, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**