UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JEREMY HEBERT, ET AL.** | **CASE NO. 2:18-CV-00899** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PRIME INSURANCE CO., ET AL.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 62] filed by defendants Prime Insurance Company; Santa Barbara Services, LLC; and Gerardo Peralez, Jr. Plaintiffs Jeremy Hebert and Coca-J Truck-N, LLC have filed a response [doc. 70] and the matter is now ripe for review.[1]

### I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred on March 15, 2018. Plaintiff Jeremy Hebert was driving an 18-wheeler owned by his employer, Coca-J Truck'n LLC ("Coca-J"), on Interstate 210 in Calcasieu Parish, Louisiana. Hebert alleges that he had stopped due to traffic congestion when he was rear-ended by Gerardo Peralez Jr., who was also operating an 18-wheeler. Doc. 1, att. 2, pp. 3–4. As a result of the accident, Hebert alleges that he suffered serious bodily injury and that Coca-J sustained damage and loss of use to the truck and trailer Hebert was operating. *Id.* at 5.

---

[1] The court is also in receipt of defendants' reply memorandum, which could not be docketed by the deadline but was emailed to chambers and opposing counsel.

Hebert and Coca-J filed suit against their uninsured/underinsured motorist insurer, United States Specialty Insurance Company ("USIC"); Peralez; his employer Santa Barbara Services, LLC ("Santa Barbara"); and Santa Barbara's insurer, Prime Insurance Company ("Prime") in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. Defendants removed the action to this court based on diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

Trial in this matter is currently set for May 26, 2020. Defendants Prime, Santa Barbara, and Peralez request that evidence and argument relating to the following be excluded:

(1) the independent negligence of Santa Barbara;

(2) other lawsuits, claims, or motor vehicle accidents involving the defendants;

(3) subsequent remedial measures;

(4) "Golden Rule" arguments;

(5) the "Reptile Theory" of measuring damages;

(6) business status of the defendants;

(7) evidence not produced in discovery and pretrial rulings by the court;

(8) financial hardship to the plaintiff;

(9) disparaging remarks about defendants' conduct;

(10) liability insurance coverage of defendants, including (a) the use of a term like "adjuster" or "claims agent" that would allow the jury to infer liability insurance was involved and (b) voir dire questions that imply the existence of liability insurance;

(11) exhibits not already examined by the defense;

(12) probable testimony of unavailable witnesses;

(13) video taken by plaintiff and not timely produced to defense;

(14) any suggestion that the defense has hindered the investigation of this matter;

(15) reference to witnesses not previously identified;

(16) requests before the jury for productions of documents or stipulations;

(17) requests or suggestions before the jury that the defense has withheld evidence;

(18) statements on the law of the case, before the court determines same, other than those regarding the burden of proof;

(19) opinions on the merits of the case;

(20) reading depositions into evidence or showing their contents to the jury, other than to impeach the testimony of a live witness, unless the plaintiffs have submitted the deposition excerpt or videotape to the court and to counsel at least 48 hours beforehand and defendants have had the opportunity to object;

(21) privileged documents;

(22) reference to or suggestion of the habits of a defendant or his agent, unless it is first established by sufficient probative evidence outside the presence of the jury;

(23) statements that "preponderance" means 51 percent of the evidence.

Doc. 62, att. 1.[2]

---

[2] To avoid redundancy below, some of these items have been regrouped or reordered from the way they were listed in defendants' motion.

In response the plaintiffs oppose the motion in some regards but largely agree to the inadmissibility of certain evidence and arguments or deem any ruling on the matter premature. Doc. 70.

## II.
## LAW & APPLICATION

### A. *Governing Law*

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can

be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017).

## B. Application

### 1. Individual negligence by Santa Barbara

A plaintiff may not simultaneously maintain causes of action for *respondeat superior* and a direct negligence action (negligent hiring, training, and/or supervision against an employer so long as the employer stipulates that the employee was acting in the course and scope of his employment when he committed the negligent act. *E.g.*, *Dennis v. Collins*, 2016 WL 6637973 (W.D. La. Nov. 9, 2016); *Pigott v. Heath*, 2020 WL 564958, at *3 (E.D. La. Feb. 5, 2020). Here Mr. Peralez is an employee of Santa Barbara, and Santa Barbara has stipulated that he was acting in the course and scope of his employment at the time the accident occurred. *See* doc. 62, att. 1, p. 4. Accordingly, defendants request that the plaintiffs be prohibited from presenting any evidence or otherwise insinuating that Santa Barbara acted independently in causing or contributing to the accident. Plaintiffs do not oppose this request, so long as defendants are likewise prohibited from introducing any evidence attempting to establish Mr. Peralez's record as a good or well-trained employee. The court agrees that allowing only positive evidence of Mr. Peralez's record at Santa Barbara would be unfairly prejudicial. Accordingly, the motion in limine is **GRANTED**

in this regard subject to the modification that the defense is likewise barred from presenting any evidence of Mr. Peralez's driving record and employment history.

### 2. *Other suits and accidents*

Defendants next move to exclude any mention of other civil lawsuits, claims, or motor vehicle accidents involving a defendant. They assert that such incidents are inadmissible character evidence under Federal Rule of Evidence 404(b).[3] In response, plaintiffs note that although Mr. Peralez was involved in other accidents, they have no intention of referencing same. They also point out that defendants had previously attempted to have all of Mr. Hebert's prior accidents deemed admissible. Accordingly, they assert that they will not oppose the motion in this regard if it is reciprocal in nature.

The court has already ruled on the admissibility of Mr. Hebert's prior accidents, deeming some of these admissible for the limited purposes of defending against the plaintiffs' injury and property damage claims. Doc. 61. Because there is no showing that any of Mr. Peralez's prior accidents are admissible on this or any other basis, and such evidence is otherwise barred by Rule 404(b), the motion is **GRANTED** as to his prior accidents and any prior lawsuits or claims to the extent they reference prior bad acts by a defendant.

---

[3] Rule 404(b) prohibits otherwise admissible evidence of prior bad acts to prove a person's character, in order to show that on a particular occasion the person acted in accordance with his character. It may be admitted for other purposes, however, including when it is relevant to the issue of damages. *See, e.g.*, *McIntyre v. Bud's Boat Rental, LLC*, 2003 WL 22174236, at *4 (E.D. La. Sep. 9, 2003). In such cases, however, the evidence is still subject to Rule 403's limitations on unfair prejudice. Accordingly, a Rule 404(b) inquiry requires determining that the evidence (1) is relevant to an issue other than the person's character and (2) possesses sufficient probative value to outweigh any objections under Rule 403. *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 784–85 (5th Cir. 2018).

### 3. Subsequent remedial measures

The defendants next move to exclude reference to any subsequent remedial measures. Such evidence is generally prohibited under Rule 407, unless admitted for another purpose such as impeachment, ownership, control, or feasibility of the precautionary measures. Plaintiffs contend that they have no intention to offer evidence of subsequent remedial measures because there are no such measures at issue in this case. Because the court lacks context for any specific measure and any Rule 407 exception under which it might fall, the motion is **DENIED** in this regard. Defendants may reurge it if it becomes applicable.

### 4. *Golden Rule*

Defendants next request that the court prohibit any "Golden Rule" or "conscience of the community" arguments, which ask the jury to put themselves in the plaintiff's shoes while computing damages. *Har-Pen Truck Lines, Inc. v. Mills*, 378 F.2d 705, 714 (5th Cir. 1967). While the court generally grants counsel some latitude in their arguments, "Golden Rule" assertions are improper on the topic of damages because the jury must act objectively in this regard. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 180 (5th Cir. 2005).

Plaintiffs readily acknowledge the impropriety of Golden Rule arguments on the calculation of damages. As they note, however, the argument may still be used on the question of liability. *Baxter*, 277 F.Supp.3d at 863 (citing *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983)). Accordingly, the motion is **GRANTED** in this regard but only insofar as plaintiffs are prohibited from using "Golden Rule" or "conscience of the community" arguments in relation to damages.

## 5. *Reptile Theory*

Defendants next request that the court bar any attempt by plaintiffs to invoke the "Reptile Theory" at trial. The premise of this theory, defendants state, arises from a 2009 book[4] and states that the valid measure of damages is not the actual harm caused by defendants but instead the maximum harm that the defendant's conduct could have caused. Like "Golden Rule" arguments, they contend, such tactics are designed to supplant the jurors' objectivity in calculating damages by appealing to their personal safety concerns. Plaintiffs respond that they have no knowledge of such a theory and have not read the source cited; accordingly, they take no position on the motion.

Defendants' complaints about "amorphous and ill-defined concepts rather than specific evidence . . . or arguments" give the court nothing objective to consider in deciding what language to prohibit. *Baxter*, 277 F.Supp.3d at 863. The court will **DENY** the motion, subject to its faith in plaintiffs' understanding of the proper limits of argument and the defendants' ability to object to any improper statements at trial.

## 6. *Business status of defendants*

Defendants next ask that plaintiffs be barred from making any reference to the business status of any defendant. To this end, they mean that plaintiffs should be barred by attempting to arouse prejudice against Santa Barbara or Prime based on the fact that they are, respectively, an LLC and a corporation. Doc. 62, att. 1, p. 11. Plaintiffs respond that they have no intention to suggest that Santa Barbara's business status renders it liable. The

---

[4] DAVID BALL AND DON C. KEENAN, REPTILE: THE 2009 MANUAL OF THE PLAINTIFF'S REVOLUTION (1st ed. 2009).

court agrees that any such argument would be improper. Accordingly, the motion is **GRANTED**.

### 7. *Evidence not produced in discovery & pretrial rulings*

Defendants ask that plaintiffs be prohibited any evidence or witness not previously identified in discovery. They also ask that plaintiffs be barred from referencing any pretrial rulings. Plaintiffs agree to the fairness of these exclusions, so long as the same rule is applied to defendants. Accordingly, the motion is **GRANTED** and neither side may introduce evidence or elicit testimony from a witness not previously disclosed or refer to the court's ruling on any pretrial motion while the jury is present.

### 8. *Financial hardship*

Defendants next request that plaintiffs be prohibited from mentioning any economic hardship they have suffered as a result of the accident. As plaintiffs note, however, they have brought claims for lost wages and loss of earning capacity resulting from the accident. Doc. 1, att. 2, p. 5. Under the circumstances of the case, evidence of the accident's financial effects are highly probative and outweigh any prejudice to the defendants. Accordingly, the motion is **DENIED** in this regard.

### 9. *Disparaging remarks*

Defendants ask that the court bar any argument or testimony implying a defendant's conduct is "criminal" or "almost criminal," or that a defendant ignored, withheld, or manipulated evidence. Plaintiffs agree that name-calling is inappropriate and unprofessional. Accordingly, the motion is **GRANTED** insofar as no party will disparage

any other party or witness, or their counsel, and evidence on the character of a party or witness is limited to that permitted under the Federal Rules of Evidence.[5]

### 10. Liability insurance

Defendants next seek a prohibition on evidence or argument referencing the existence of liability insurance. Plaintiffs agree that such evidence is inadmissible to prove negligence. Fed. R. Evid. 411. It may be admitted for another purpose, however, "such as proving a witness's bias or prejudice or proving agency, ownership, or control." *Id.* Because the court lacks sufficient context to determine if such evidence is admissible for another purpose, it will **DENY** the motion in this regard but trust plaintiff's counsel not to make reference to the topic unless it has first laid a foundation for its admissibility under Rule 411.

### 11. Exhibits

Defendants next request that plaintiffs not be allowed to display or disclose the content of any exhibit, including visual evidence and display/demonstrative exhibits created for trial, until it has been tendered to defense counsel, to allow for examination and any necessary objection. As plaintiffs point out, this request is rendered moot by the

---

[5] In response, plaintiffs also note that they intend to submit evidence that Mr. Peralez "pled guilty to careless operation of his vehicle" and that the jury should be able to draw their own conclusions from that evidence. Doc. 70, p. 11. In their reply, defendants maintain that Mr. Peralez only paid his fine and did not admit guilt. Accordingly, they assert that the ticket should not be admissible.
  The court agrees that evidence regarding issuance or payment of a traffic citation is generally inadmissible in civil actions arising from a motor vehicle accident. *Fox v. Nu Line Transport, LLC*, 2020 WL 1536531, at *2 (W.D. La. Mar. 31, 2020) (evidence of speeding ticket inadmissible as lay opinion testimony); *see also Bergeron v. Great West Cas. Co.*, 2015 WL 3505091, at *4 (E.D. La. Jun. 3, 2015) (evidence of traffic citation is inadmissible in automobile negligence action unless defendant pled guilty to underlying violation). Defendants, however, should have included the citation among their numerous requested exclusions in the original motion rather than or in addition to the generic paragraph offered. Accordingly, the court will not rule on the requested exclusion of the citation. Defendants may renew this issue at trial, outside of the jury's hearing.

requirement that exhibits be listed and described in the parties' pretrial statements. Accordingly, the motion is **DENIED** in this regard.

### 12. *Unavailable Witnesses*

Defendants also ask that plaintiffs be barred from referring to the probable testimony of unavailable witnesses, or to defendants' failure to call any witness **equally** available to any party to this action. Plaintiffs oppose this request on the grounds that the motion "is premature and should be handled at the appropriate time during trial."

Defendants' request is limited to the "probable" testimony of witnesses who are determined to be "unavailable" and those who are "equally available" to both sides. As such, it would not block the plaintiff from obtaining an adverse inference under the uncalled witness rule or from seeking to admit the testimony of an unavailable witness. Accordingly, the motion is **GRANTED** in this regard.

### 13. *Video evidence*

Defendants next request that plaintiffs be barred from "[m]entioning or introducing into evidence any videotape of the Plaintiff taken by Plaintiff's counsel or representative that was not timely produced by Plaintiff's counsel, or that Defendant was deprived of the opportunity to cross-examine the Plaintiff regarding the statements on the videotape." Doc. 62, att. 1, p. 14. Plaintiffs again oppose the motion as premature, arguing that the court should only rule after making "a thorough examination of any such evidence in the proper context and with the proper foundation at trial." Doc. 70, p. 12.

The court agrees that plaintiffs should not be allowed to introduce any video evidence not timely disclosed to the other side, and the motion is **GRANTED** in this

regard. As for the defense's prior opportunity to cross-examine plaintiff about statements on the videotape, the court lacks sufficient context to make a ruling and therefore **DENIES** the motion in this regard subject to the objection being renewed at trial. If there is a specific video contemplated by these arguments, the court urges counsel to bring it to the court's attention so that trial is not unduly disrupted.

### 14. *Statements about investigation*

Defendants next request a ban on any suggestion that they have obstructed the investigation of this matter, hidden or attempted to hide witnesses, or otherwise obstructed justice. Plaintiffs do not object, so long as defendants are held to the same standard. The motion is thus **GRANTED** in this regard and applies to both sides, subject to the exclusion that evidence of such conduct may be admissible with the court's prior approval and limiting instructions if a proper foundation is laid.

### 15. *Witnesses not previously identified*

Defendants also request that plaintiffs be barred from calling or referencing any witness not previously identified in discovery and made available for deposition. This request is rendered moot by the requirements of the court's scheduling order and pretrial statements. Counsel are assumed to understand that they may not refer to prospective witnesses that the court determines cannot testify at trial. Accordingly, the motion is **DENIED** in this regard.

### 16. *Requests for documents and stipulations*

The defendants next ask that plaintiffs be barred from requesting, in the presence of the jury, that defendants produce a document or make any stipulation. Plaintiffs agree that

such conduct would be improper. Accordingly, the motion is **GRANTED** in this regard and applies to both sides.

### 17. Withheld evidence

Defendants seek a ban on suggestions in the presence of the jury that the defense has withheld any evidence in this case. Plaintiffs again agree to the impropriety of such conduct, though they express amazement that defendants would deem a motion necessary to remind counsel of their obligations. Accordingly, the motion is **GRANTED** in this regard and applies to both sides.

### 18. Applicable law

Defendants also ask that plaintiffs be barred from making any statement on the applicable law, other than the parties' burdens of proof and basic legal definitions that counsel believe to be applicable, at any time before the court has ruled on same. Plaintiffs object that this request is overly broad and the court agrees. The exception for "basic legal definitions" is open to too much interpretation. The defense remains free to object to any explanations they deem improper. Accordingly, the motion is **DENIED** in this regard.

### 19. Opinions regarding the merits of the case

Defendants request that the court bar "[a]ny mention or expression of Plaintiff's counsel's personal opinions or beliefs regarding the merits of the case, or that the case was properly or well investigated by the Plaintiff or their attorneys before they filed suit." Doc. 62, att. 1, p. 16. They also request that this ruling extend to statements from plaintiff experts on what counsel told them about the case. *Id.* at 16–18. Defendants point to testimony by plaintiffs' economist, Dr. Randolph Rice, that he relied on information provided by

plaintiffs' counsel in determining lost earnings. Doc. 62, att. 9. Specifically, they note the following exchange (with additional lines added for context):

> **Q.** Did you determine what his average annual earnings were before the accident?
> **A.** No, ma'am.
> **Q.** And why not?
> **A.** It wasn't pertinent to what I was asked to do. The characterization is here that he had to pay an extra driver. So we addressed that particular issue.
> **Q.** Okay. So you didn't do any sort of investigation as to whether or not this expense to the driver was a loss versus resulted in a profit?
> **A.** I don't understand the question.
> **Q.** Okay.
> **A.** The first part of that's true. I didn't do any investigation beyond [plaintiffs' counsel's] characterization that he had to pay this extra driver, and because he had to pay the extra driver, he couldn't put those monies in his pocket, and that becomes a loss.

*Id.* at 10.

Arguments that an expert failed to consider a certain relevant factor or theory are fair game during examination of an expert. Accordingly, the motion is **DENIED**. Either party may examine a witness about something in the evidence he might not have considered or might have interpreted differently from the other side.

### 20. *Use of depositions*

Defendants also ask that plaintiffs be forbidden from reading depositions into evidence or showing their contents, other than to impeach a live witness, unless the excerpt or videotape has been submitted to the court and defense counsel no less than 48 hours before its intended use and defense counsel have had an opportunity to object and have their objections ruled on. Plaintiffs agree to these limits. Accordingly, the motion is **GRANTED** in this regard and applies to both sides.

### 21. Privileged documents

Defendants next ask that the court bar any mention or insinuation that defendants have hidden evidence by labeling it as privileged or taking other means to protect it from disclosure. Plaintiffs adopt arguments from above, agreeing that such conduct is plainly improper and expressing amazement that defendants would consider such a motion necessary. Accordingly, the motion is **GRANTED** in this regard and applies to both sides.

### 22. Habit

Defendants ask that plaintiffs be barred from suggesting that defendants or their agents are in the habit of doing a particular thing, unless proper foundation is first laid for such a contention outside the jury's presence. *See* Fed. R. Evid. 406. Plaintiffs do not object, but note that there is no information identifying which "habits" defendants seek to exclude. Nevertheless, given the prejudicial effects of such evidence, the motion is **GRANTED** and applies to both sides.

### 23. Preponderance of the evidence

Finally, defendants ask that plaintiffs be barred from arguing that a preponderance equals 51 percent of the evidence. In reliance on *Vidrine v. United States*, 2012 WL 253124 (W.D. La. Jan. 26, 2012), and Federal Rules of Evidence 401, 402, and 403, they argue that this is not a correct statement of the law. Plaintiffs oppose the motion in this regard and maintain that there is no impropriety in explaining to the jury that 51 percent satisfies the preponderance standard.

As described above, Rules 401, 402, and 403 set forth the definition of relevant evidence and when it may be excluded based on other considerations. The cited portion of

*Vidrine* states that "proof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not." 2012 WL 253124 at *60. A statement that a preponderance **equals** 51 percent of the evidence is misleading, as it invites the jury to merely tally what it has heard. Instead, the jury should decide if the weight of the evidence shows plaintiff's proposition to be more likely true than untrue – that is, if plaintiffs have proven their point to a degree of certainty higher than 50 percent. Accordingly, the motion is **GRANTED** in this regard.

### III.
#### CONCLUSION

The Motion in Limine [doc. 62] is hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

**THUS DONE AND SIGNED** in Chambers on this 13th day of April, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**