UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

JEREMY HEBERT, ET AL.                    CASE NO.  2:18-CV-00899

VERSUS                                   JUDGE JAMES D. CAIN, JR.

PRIME INSURANCE CO., ET AL.              MAGISTRATE JUDGE KAY


MEMORANDUM ORDER

Before the court is a Motion to Strike [doc. 114] filed by defendant United Specialty

Insurance Company ("USIC") and relating to allegations made in the pre-trial filings of

plaintiffs Jeremy Hebert and Coca-J Truck'n, LLC. Plaintiffs oppose the motion. Doc. 121.

I.
BACKGROUND

This suit arises from a motor vehicle accident that occurred on March 15, 2018.

Plaintiff Jeremy Hebert was driving an 18-wheeler owned by his employer, Coca-J Truck'n

LLC ("Coca-J"), on Interstate 210 in Calcasieu Parish, Louisiana. Hebert alleges that he

had stopped due to traffic congestion when he was rear-ended by Gerardo Peralez Jr., who

was also operating an 18-wheeler. Doc. 1, att. 2, pp. 3–4. As a result of the accident, Hebert

alleges that he suffered serious bodily injury and that Coca-J sustained damage and loss of

use to the truck and trailer Hebert was operating. *Id.* at 5.

Hebert and Coca-J filed suit against their uninsured/underinsured motorist insurer,

USIC; Peralez; his employer Santa Barbara Services, LLC ("Santa Barbara"); and Santa

Barbara's insurer, Prime Insurance Company ("Prime") in the Fourteenth Judicial District

Court, Calcasieu Parish, Louisiana. As to USIC, plaintiffs alleged that it was liable *in solido* for their damages under the terms of the UM policy. *Id.* at 5. They asserted a right to recover based on several categories of damages, including "[a]ny other damages proved during the proceedings," and a prayer "for all general and equitable relief." *Id.* at 5–6.

Defendants removed the action to this court based on diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. By scheduling order dated March 21, 2019, the court set trial for May 26, 2020, and imposed various pretrial deadlines. Doc. 19. Among these, the court ordered that any amendment of the pleadings must be made by October 24, 2019. Doc. 19. The case was later transferred to the undersigned, and the scheduling order was modified to set a pretrial statement due date of April 7, 2020, and proposed jury instruction, verdict sheet, and voir dire due date of April 14, 2020. Doc. 32. All other deadlines remained as set forth in the original scheduling order.[1]

Plaintiffs filed their pretrial statement and proposed jury instructions, verdict sheet, and voir dire in accordance with the court's scheduling orders. Docs. 77, 99, 100. In those filings they referenced a bad faith claim against USIC, based on its alleged failure to tender a reasonable amount to the insured. *Id.* USIC now moves to strike the references, arguing that plaintiffs have not properly raised such a claim, that the deadline for amendment of pleadings has passed, and that allowing a new claim to be asserted at this point will unduly prejudice the defendants. Doc. 114, att. 1. Plaintiffs oppose the motion, noting that the claim arises from events occurring after the amendment deadline and that USIC has had

---

[1] The court has also continued the trial to August 24, 2020, based on safety precautions necessary under the COVID-19 pandemic, but has ordered that discovery may not be reopened without court order and that deadlines that have passed will not be reinstated.

ample notice of same. They also argue that the general damages allegations in the petition are sufficient to invoke the claim. Doc. 121, att. 1.

## II.
### LAW & APPLICATION

Neither party cites the legal standard governing this motion. Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This provision applies only to pleadings as defined by Federal Rule of Civil Procedure 7(a). Accordingly, "motions, affidavits, briefs, and other documents outside the pleadings are not subject to Rule 12(f)." 5C Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1380 & n. 8.5 (3d ed.). However, courts have recognized the district court's "inherent power to strike other types of documents for just cause," subject to the restraint and discretion that must govern the use of such broad authority. *Gaskins v. Baltimore City Pub. Schs.*, 2016 WL 192535, at *3 (D. Md. Jan. 15, 2016) (citing *Iota Xi Chapter of Sigma Chi Frat. v. Patterson*, 566 F.3d 138, 149–50 (4th Cir. 2009)); *see also Int'l Marine, LLC v. Delta Towing LLC*, 2012 WL 12987166, at *3 (E.D. La. Feb. 13, 2012).

### A. *Whether a claim for bad faith refusal to pay has been raised*

In the proposed jury instructions and verdict sheet, plaintiffs include an instruction and verdict question on "Uninsured/Underinsured Statutory Claims"/"Claim Handling" against USIC under Louisiana law. Doc. 99, pp. 7–8; doc. 100, pp. 2–4. Plaintiffs also reference USIC's handling of their claim in the factual and legal issues sections of the pretrial statement, and name the claims adjuster as a will-call witness. Doc. 77, pp. 4–5, 8.

These references point to a claim under Louisiana Revised Statutes 22:1892 and 1973, which deal with an insurer's bad faith refusal to pay on a claim.

USIC moves to strike the references, asserting that no such claim has been raised and that to permit it now would amount to unfair surprise. Plaintiffs maintain that the claim was adequately raised in their original petition. They also assert that there is no unfair surprise or undue prejudice, because USIC has been aware of its exploration of this claim through discovery and settlement negotiations.

Louisiana courts have made clear that these statutes "are penal in nature and must be strictly construed." *Jacobs v. State Farm Mut. Auto Ins. Co.*, 2019 WL 2340934, at *2 (E.D. La. Jun. 3, 2019) (citing *Reed v. State Farm. Mut. Auto Ins. Co.*, 857 So.2d 1012, 1020 (La. 2003)). A pleading that parrots the standard for liability but does not provide substantiating facts on the insurer's arbitrary or otherwise wrongful failure to pay does not suffice. *Id.* Here, the general allegations of entitlement to damages, USIC's liability *in solido*, and its obligation to pay under its policy are insufficient to state a claim of bad faith. Plaintiffs will not be permitted to pursue claims at trial that they have not raised. Accordingly, the court will analyze the motion to strike in terms of plaintiffs' ability to amend the complaint and properly raise such a claim.

### B. Whether the petition may be amended to assert these claims

A party seeking to amend a complaint after the court's deadline has passed must show "good cause" under Federal Rule of Civil Procedure 16(b). *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015). This means that the party seeking relief must "show that the deadlines cannot reasonably be met despite the diligence of the party

needing the extension." *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535–36 (5th Cir. 2003) (internal quotations omitted). To this end, the court should consider the following factors: (1) the explanation for failure to timely comply with the scheduling order; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *United States ex rel. Bias v. Tangipahoa Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

In an exchange of emails from February 2019, counsel for plaintiffs declined to dismiss USIC from the case because Mr. Hebert was still treating and had not yet returned to work. *See* doc. 121, att. 1. Mr. Hebert underwent back surgery on December 10, 2019. Doc. 87, att. 2, p. 3. On January 30, 2020, plaintiffs' counsel notified USIC's counsel of his intent to send a "McDill letter."[2] Doc. 121, att. 3. In that email and in a letter that followed on March 24, 2020, plaintiffs' counsel estimated that Mr. Hebert had incurred medical expenses over $200,000; pretrial lost income of $75,000, and prospective lost income of up to $1.27 million. He further noted that defendant Santa Barbara had only $1 million in coverage and that the accident had been a rear-end collision at 60 miles per hour, for which Mr. Hebert could not be held liable. Doc. 121, atts. 3 & 4. He thus made demand for unconditional tender of the USIC policy limit of $55,000. *Id.* Counsel for USIC responded on March 31, 2020, disputing the causation and extent of treatment for Mr. Hebert's injuries as well as the lost income estimates provided by plaintiffs' economist. Doc. 121, atts. 5 & 6. Accordingly, USIC declined to make any tender. *See id.*

---

[2] A plaintiff seeking penalties under Louisiana Revised Statute § 22:1892 must prove the insurer received "satisfactory proof of loss." A "*McDill* letter" is one sent to an insurer pursuant to *McDill v. Utica Mutual Insurance Co.*, 475 So.2d 1085 (La. 1985), showing satisfactory proof of loss and making demand for tender of any undisputed amount.

Based on these exchanges, the failure to seek earlier amendment can be excused to an extent by Mr. Hebert's ongoing treatment and the late date at which the *McDill* demand was made.[3] Both the second and third factors weigh in USIC's favor, however. "The sanctions of penalties and attorney fees are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay." *Sacks v. Allstate Prop. & Cas. Ins. Co.*, 2017 WL 4791179, at *3 (E.D. La. Oct. 24, 2017). Causation is hotly contested in this matter, especially given Mr. Hebert's medical history, and USIC's counsel has also outlined reasonable areas of potential disagreement with plaintiffs' estimated economic losses. *See* doc. 121, att. 5.

Plaintiffs have pointed to no facts showing bad faith in USIC's position that Mr. Hebert's damages are within Santa Barbara's million-dollar policy limit.[4] To uncover such facts now would require reopening discovery for what appears to be a fishing expedition. The trial date has been continued until August in light of the COVID-19 pandemic. Note 1, supra. However, the court has curtailed further discovery or filings. It will not grant any further continuances and will not subject the parties to the additional expense invited by adding a new claim at this point. Accordingly, the balance of factors favors denying any request for leave to amend. Plaintiffs have not raised any bad faith claims against USIC, nor will they be permitted to do so.

---

[3] As USIC notes, however, plaintiffs also delayed here. Plaintiff's counsel notified USIC of his intent to send a *McDill* letter "no later than Monday of next week" on January 30, 2020, but did not send the letter until March 24, 2020. Doc. 121, atts. 3 & 4.

[4] Plaintiffs also argue that "it was revealed at the April 1, 2020 mediation" that Santa Barbara's policy is an "eroding" one "due to reduction defense costs," ostensibly lowering the actual amount recoverable. Doc. 121, p. 4 n. 16. USIC maintains that it did not receive notice of this fact until plaintiffs' memorandum was filed on April 22, 2020. Doc. 122, p. 3 n. 1. Furthermore, even if USIC had been aware of this issue before it sent its refusal on March 31, plaintiffs' allegation does not show that the policy limit is so drastically lowered as to make a refusal to tender unreasonable.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Strike [doc. 114]

be **GRANTED**. The clerk and parties need not make any modification of the filings in

response to this action, but the court will disregard references to the bad faith allegations

in plaintiffs' filings and plaintiffs will not be permitted to put on evidence related to these

un-raised claims at trial.

**THUS DONE AND SIGNED** in Chambers on this 27th day of April, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**