UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JEREMY HEBERT, ET AL.** | **CASE NO. 2:18-CV-00899** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PRIME INSURANCE CO., ET AL.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court are defendants' objections to the deposition testimony of Dr. Christopher Cenac, treating physician for plaintiff Jeremy Hebert. Doc. 138. The testimony relates to plaintiffs' negligence suit for bodily injury and property damage following a motor vehicle accident in March 2018. Plaintiffs originally filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, and defendants then removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

Dr. Cenac, an orthopedic surgeon, was initially deposed on October 23, 2019. He stated that Mr. Hebert required back surgery in the form of a fusion of his L4-L5 discs. Doc. 108, att. 1. He also saw a need for fusion at L5-S1 but stated that he hoped to avoid the intervention the time being, because Mr. Hebert was only 30 years old. *Id.* Nevertheless, Dr. Cenac wound up performing a fusion at both sites when he operated in December 2019. Doc. 87, att. 2, p. 3.

Defendants' expert, Dr. Samer Shamieh, disputes both the causation of Mr. Hebert's injuries and the level of intervention. He was deposed on January 29, 2020.[1] Doc. 87, att. 4. Dr. Cenac was deposed again on April 13, 2020. There he expanded on the operation performed and the challenges by Dr. Shamieh. *See* doc. 142. Plaintiffs intend to offer video of this deposition at trial and have presented defendants with their designations. In return, defendants have submitted objections to the following areas of testimony:

| No. | Citation | Objection |
|---|---|---|
| 1 | P. 17, ln. 6–16 | Beyond scope of expertise and Rule 26 designation. |
| 2 | Pp. 20–21, ln. 25–29 | Leading; not allowed under Federal Rules of Evidence. |
| 3 | P. 24, ln. 5–16 | Leading; compound question; improper summarization of evidence. |
| 4 | Pp. 24–26, ln. 22–25 | Leading; compound question; beyond scope of Rule 26 treating physician designation and beyond scope of witness's qualifications and expertise. These statements allegedly constitute new opinions regarding biomechanics and a knee injury. |
| 5 | Pp. 26–27, ln. 19–13 | Model used in testimony is misleading. |
| 6 | Pp. 27–28, ln. 17–8 | New facts and opinions regarding surgery; beyond scope of Rule 26 treating physician designation. |
| 7 | P. 28, ln. 17–22 | New facts and opinions. |
| 8 | Pp. 33–34, ln. 7–2 | New opinion regarding disc at L5-S1. |
| 9 | P. 34, ln. 15–23 | New opinion regarding physical limitations and L5-S1 level |
| 10 | Pp. 34–35, ln. 24–3 | Leading; opinion outside scope of Rule 26 treating physician designation; new opinion regarding necessity of medical expenses and treatment rendered by other physicians. |
| 11 | Pp. 35–36, ln. 8–23 | Leading; calls for new opinion outside scope of Rule 26 treating physician designation; does not meet more probable than not standard; calls for speculation. |
| 12 | Pp. 36–37, ln. 24–10 | Lacks proper foundation; outside scope of Rule 26 treating physician designation; outside scope of expertise. Defendants further assert that Dr. Cenac is not |

---

[1] Defendants also produced a supplemental report from Dr. Shamieh, which the court struck as untimely. *See* doc. 116.

|    |                         | a vocational expert and that his exhibit is inadmissible as hearsay and lacking authenticity. |
|----|-------------------------|---|
| 13 | Pp. 37–40, ln. 21–11    | Lacks proper foundation; outside scope of Rule 26 treating physician designation; outside scope of expertise. |
| 14 | Pp. 40–42, ln. 12–5     | Outside scope of Rule 26 treating physician designation; offers new opinion regarding Dr. Shamieh's opinions. |
| 15 | Pp. 42–44, ln. 6–13     | Improperly interjects insurance; leading; improper characterization of Dr. Shamieh's testimony; outside scope of Rule 26 treating physician designation; offers new opinion regarding surgical options, Dr. Shamieh's opinions, and physical limitations from the two-level fusion. |
| 16 | P. 46, ln. 20–23        | Nonresponsive |
| 17 | Pp. 51–52, ln. 2–8      | Nonresponsive |
| 18 | Pp. 52–53, ln. 25–24    | Nonresponsive |
| 19 | Pp. 57–58, ln. 9–13     | Nonresponsive |
| 20 | P. 77                   | "Plaintiff can't cherry pick words out of the response; must include the omitted timeline in designation." |
| 21 | Pp. 90–91, ln. 5–8      | Nonresponsive |
| 22 | P. 95                   | "Partial designation. Plaintiff must include the question. Only a small portion of the answer was designated." |
| 23 | Pp. 101–03, ln. 18–9    | New opinion regarding surgery, reasons for surgery, and reason for performing a two-level fusion not previously disclosed. |
| 24 | P. 101, ln. 11–17       | New opinion regarding limitations and two-level fusion. |
| 25 | Pp. 107–08, ln. 18–21   | Beyond scope of expertise; calls for speculation; new opinion. |
| 26 | Pp. 111–13, ln. 24–16   | New opinion. |
| 27 | P. 113, ln. 23–25       | Leading |
| 28 | P. 114, ln. 1–18        | Leading; new opinion. |

Doc. 138, pp. 1–3. Plaintiffs respond that (1) most of the objections have been waived due to lack of contemporaneous objection; (2) defendants questioned Dr. Cenac on many of the topics they now claim are inappropriate; and (3) all of Dr. Cenac's testimony is within the scope of his expertise and personal experience. Doc. 140.

### A. *Form Objections*

#### 1. *Form of question*

Defendants argue that many of the above designations should be excluded due to leading questions by plaintiffs' counsel. The *Erie* doctrine requires a federal court to apply substantive state law to state law claims but reserves federal law for procedural matters. *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990). Accordingly, diversity cases are governed by federal rather than state rules of evidence. *E.g.*, *Morris v. Homco Intern., Inc.*, 853 F.2d 337, 341 (5th Cir. 1988). While the Louisiana Code of Evidence expressly permits leading questions of a party's own expert, the analogous federal rule contains no such provision. *Compare* La. C. Evid. art. 611 *with* Fed. R. Evid. 611. Instead, it provides that "[l]eading questions should not be used on direct examination except as necessary to develop the witness's testimony." Fed. R. Evid. 611(c).

Ordinarily, a court may rule on an objection to a leading question by allowing counsel to rephrase. Here, however, Dr. Cenac will not be appearing at trial. He was also cross-examined during his deposition, allowing the opposing side the opportunity to cure any errors they perceive. The court has reviewed all challenged instances of leading questions, as well as those to compound questions and improper summarization of evidence and opinions, and finds none to be so misleading or otherwise prejudicial as to warrant re-deposing the witness or excluding the response at trial. Accordingly, these objections are overruled.

### 2. *Nonresponsive answers*

In Objections 16–19 and 21, defendants argue that certain excerpts should be excluded as nonresponsive. All of the excerpts cited under these objections involve Dr. Cenac explaining his answer after being asked and providing a yes/no answer on cross-examination. The court would have allowed Dr. Cenac to expand on his answers if offered at trial and finds nothing in the response so prejudicial as to warrant striking the remainder of his statement. Accordingly, these objections are overruled.

### 3. *Cherry-picking*

Under Objections 20 and 22, defendants accuse plaintiffs of cherry-picking portions of Dr. Cenac's response. The response selections appear to have been erroneously cut off. If plaintiff wishes to include the portion highlighted in yellow at doc. 142, p. 77, he must include the portions highlighted in green at lines 20–21. As for the excerpt at page 95, he must include the preceding question (lines 2 through 5) if he wishes to include any portion of the response. Of course, defendants can also cure any such omission by designating the entire excerpt themselves. Accordingly, the objections are sustained.

## B. *Substantive Objections*

### 1. *Lack of Contemporaneous Objection*

Plaintiffs argue that many of the substantive objections raised here have been waived, due to lack of contemporaneous objection during the deposition. Subject to Federal Rules of Civil Procedure 28(b) (depositions taken in foreign countries) and 32(d)(3) (objections to notice, qualifications of officer before whom deposition is taken, and to the taking of the deposition itself), "an objection may be made at hearing or trial to the

admission of any deposition testimony that would be inadmissible if the witness were present and testifying." Fed. R. Civ. P. 32(b). Accordingly, there is no requirement that a party preserve its substantive objections during the deposition and the court will not consider waivers on this basis.

### 2. *Exceeding scope of disclosure and expertise*

In Objections 1, 4, 6, 10–15, and 25, defendants argue that Dr. Cenac's response exceeds the scope of his disclosure under Rule 26(a)(2)(C). In Objections 1, 4, 12, 13, and 25, they also assert that the responses exceed the scope of Dr. Cenac's expertise. They also complain, generally, that the disclosures for Dr. Cenac were insufficient.

#### a. *General disclosure objections*

Here Dr. Cenac was disclosed as Mr. Hebert's "treating orthopedic surgeon." Doc. 138, att. 3. In a supplemental disclosure, made on the deadline for disclosure of plaintiffs' experts, plaintiffs also attached medical records from Dr. Cenac and referenced his October 2019 deposition. Doc. 138, att. 4. Defendants maintain that these disclosures provided insufficient notice of the scope of his opinions "regarding causation, [Mr. Hebert's] physical limitations, job capacity, future medical care and expenses, opinions regarding Dr. Shamieh's report, and treatment performed after October 24, 2019 – the date of Plaintiff's expert deadline." Doc. 138, p. 7. Accordingly, they assert that Dr. Cenac should only be permitted to testify to his impressions as a lay witness.

Federal Rule of Civil Procedure 26 governs disclosure requirements for expert witnesses. The basic purpose of this rule "is to prevent prejudice and surprise." *Joe Hand Prods., Inc. v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013) (cleaned up). Treating

physicians are exempt from the general requirement that an expert witness must submit a report pursuant to Rule 26(a)(2). Instead, the propounding party must prepare a "disclosure" regarding that witness and identifying "(i) the subject matter on which the witness is expected to present evidence pursuant to Federal Rules of Evidence 701, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." *Sheppard v. Liberty Mut. Ins. Co.*, 2017 WL 467092, at *1 (E.D. La. Feb. 2, 2017) (citing Fed. R. Civ. P. 26(a)(2)(C)). Such a witness may then offer opinions beyond their personal knowledge, so long as the opinions are based on information gathered in the course of providing treatment. *see Williams v. State*, 2015 WL 5438596, at *3 (M.D. La. Sep. 14, 2015) (citing *Mayers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734–35 (7th Cir. 2010)). Disclosures consisting of medical records alone are insufficient to fulfill the disclosure requirement. The proponent must provide notice through "an actual summary of the facts and opinions to which the witness is expected to testify." *Id.* at *4.

    The court agrees that the disclosures provided by plaintiffs do not satisfy the standards set forth by Rule 26(a)(2)(C), as they only broadly designate Dr. Cenac's specialty and the fact that he has treated Mr. Hebert. The question for the court, then, is whether the inadequacy of the disclosures justifies the sanction requested.

    "The court must exclude or limit expert testimony if the expert's disclosure was improper unless the improper disclosure was 'substantially justified or is harmless.'" *Patton v. Jacobs Eng'g Grp., Inc.*, 2016 WL 1090566, at *3 (M.D. La. Mar. 18, 2016) (quoting Fed. R. Civ. P. 37(c)(1)). In determining whether exclusion is appropriate, the court should consider (1) the importance of the witness's testimony; (2) prejudice to the

opposing party of allowing the witness to testify; (3) possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order. *Id.* (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996)).

Here Dr. Cenac's testimony is undoubtedly important, underscoring the need for timely and adequate disclosures. There is no explanation for plaintiffs' failure to provide a more descriptive disclosure, and no continuance is available in this matter. Dr. Cenac was deposed for the first time, however, before that deadline. In that first deposition he provided opinions on causation and the need for future surgery. *See* doc. 143. There can also be no unfair surprise when, in his second deposition, Dr. Cenac defended the procedure he wound up performing and responded to Dr. Shamieh's conflicting opinions regarding causation. Accordingly, the court does not find wholesale exclusion warranted and will only entertain objections that relate to areas of testimony for which defendants had no notice.

### b. *Specific objections*

Objections 1 and 4 relate to Dr. Cenac's description of a knee injury that Mr. Hebert sustained in the subject accident, which was treated by another orthopedist. In the first excerpt, Dr. Cenac merely summarized that treatment in connection with how Mr. Hebert came to be referred to him. Doc. 142, p. 17. In the second, Dr. Cenac included in his causation opinion that Mr. Hebert's knee injury "was enough to aggravate the condition in his spine because his spine was severely narrowed." *Id.* at 25. This appears to fall within the scope of Dr. Cenac's expertise. However, as defendants note, it also represents a new opinion on the mechanics of the accident as they relate to causation. Dr. Cenac did not link

the knee injury/dashboard impact to Mr. Hebert's back injury in his prior deposition. Instead, he largely described causation in terms of distinguishing trauma from unrelated degeneration of Mr. Hebert's preexisting conditions. *See* doc. 143. He provides no justification for expanding on it to this degree in his trial deposition. Accordingly, Objection 4 is granted in this regard and the testimony at page 25, lines 18–23 is excluded.

In the excerpts cited in Objections 6, 10–15, and 25, Dr. Cenac testified about the surgery he performed, its cost, potential limitations Mr. Hebert would face as a result of the procedure, and likelihood of future treatment. Doc. 142, pp. 27–28, 34–44, 107–08. These opinions are within the scope of Dr. Cenac's expertise as Mr. Hebert's treating orthopedic surgeon. Furthermore, Dr. Cenac had offered opinions relating to Mr. Hebert's physical limitations and need for future care, as well as anticipated treatment, in the first deposition. *See, e.g.*, doc. 143, pp. 34–36, 56–59 64–66, 79–81. Defendants cannot claim surprise that Dr. Cenac would continue to testify in these areas during his trial deposition. Accordingly, these objections are overruled.

### 3. *New Opinions*

In Objections 4, 6–11, 14, 15, 23–26, and 28, defendants maintain that portions of Dr. Cenac's testimony should be excluded because he offers new or bolstering opinions on the areas described above. They also urge that, in light of the court's ruling [doc. 116] barring a supplemental report by Dr. Shamieh, any new or bolstering opinions from Dr. Cenac should be excluded.

As noted above and in light of the procedure performed, defendants fail to show any unfair surprise in the areas covered by Dr. Cenac's trial deposition. As the court observed

in ruling on Dr. Shamieh's supplemental report, Dr. Shamieh was also prepared to address these issues and did so in his January 2020 deposition. Furthermore, the effect of the court's ruling was to limit Dr. Shamieh from offering another report that would expand his trial testimony – not to hack off pieces of trial testimony already offered. Dr. Shamieh may still testify to issues within the scope of his original report and deposition, and may further explain those opinions just as Dr. Cenac has done in his testimony. As for new opinions regarding causation, the court has already ruled that the challenged portion at Objection 4 is excluded. Defendants otherwise fail to show, however, that any causation opinions in the trial deposition are sufficiently "new" relative to those offered in the October 2019 deposition. Accordingly, these objections are overruled.

### 4. *Unauthenticated exhibit/Lack of foundation*

Defendants object to the testimony cited at Objections 12 and 13 on the grounds that it lacks a proper foundation and that the exhibit used has not been authenticated. Doc. 142, pp. 36–40; doc. 142, att. 1 (exhibit). They also object to Dr. Cenac's assumptions about the job duties of truck drivers under Objection 25. *See* doc. 142, pp. 107–08. The foundation objections are tied to the admissibility of the exhibit, which is a job analysis schedule describing "the different physical demands that are required of an 18-wheeler truck driver." Doc. 142, p. 37. The court has already determined, supra, that Dr. Cenac's responses about Mr. Hebert's ability to lift certain loads are within the scope of his expertise and his treatment of the plaintiff.

Plaintiffs have asserted that the challenged exhibit was produced in discovery by plaintiff's former employer, pursuant to a subpoena from defendant Prime Insurance

Company, and was sent to all parties via email on February 12, 2019. Doc. 128, p. 16. On cross-examination, Dr. Cenac clarified that he was not sure whether the job description was a "standard" one for the industry. Doc. 142, p. 107. He agreed, however, that the lifting requirements matched with his experience of what was expected for commercial truck drivers. *Id.* at 107–08.

It appears that the exhibit at issue is relevant and capable of authentication, to the extent that plaintiffs will seek to admit it.[2] Dr. Cenac has also independently laid a proper foundation for his testimony by confirming the lifting requirements listed, based on his experience of treating commercial truck drivers. These objections are overruled.

### 5. *Misleading model*

Under Objection 5, defendants argue that the model used by Dr. Cenac to demonstrate the operation is misleading. *See* doc. 142, pp. 26–27. They argue that it contains large rods that were not used in the plaintiff's surgery and suggests a more invasive procedure than was actually performed. Defendants note that no objection was offered during the deposition and argue that any differences can be explained with a proper jury instruction. Doc. 140, p. In order to cure any misleading effects of the model without resorting to the drastic remedy of striking the testimony, the court will also allow Dr. Shamieh to serve as rebuttal witness in explaining the procedure actually performed in comparison to the model used by Dr. Cenac.

---

[2] "[A]n expert may rely on otherwise inadmissible facts and data if experts in the particular field would reasonably rely on such evidence." *Sandifer v. Hoyt Archery, Inc.*, 907 F.3d 802, 808 (5th 2018) (cleaned up).

### *6. Mention of insurance*

Finally, under Objection 15 defendants argue that the question by plaintiff's counsel improperly interjects the issue of insurance. As defendants note, the court has already addressed this issue in ruling on the parties' motion in limine. There the undersigned stated:

> Defendants . . . seek a prohibition on evidence or argument referencing the existence of liability insurance. Plaintiffs agree that such evidence is inadmissible to prove negligence. Fed. R. Evid. 411. It may be admitted for another purpose, however, "such as proving a witness's bias or prejudice or proving agency, ownership, or control." *Id.* Because the court lacks sufficient context to determine if such evidence is admissible for another purpose, it will **DENY** the motion in this regard but trust plaintiff's counsel not to make reference to the topic unless it has first laid a foundation for its admissibility under Rule 411.

Doc. 88, p. 10 (emphasis in original).

Here the objectionable reference came through a reference to Dr. Shamieh in the following question:

> Q: And Doctor [Cenac], the doctor hired by the insurance company basically says, So I perform the surgery a little differently than Dr. Cenac. . . . So the minimal surgery that the doctor is describing in an attempt to go ahead and, I think, suggest that your surgery is more major, do you agree that you could have done more of a minimally invasive surgery on Mr. Hebert?

Doc. 142, p. 42. Plaintiffs' counsel did not lay any foundation for calling Dr. Shamieh's objectivity into question before making this reference. Accordingly, the objection is sustained and the first line of this question must be excluded.

## CONCLUSION

The objections [doc. 138] are overruled in part and sustained in part as described above. Plaintiffs are ordered to edit the video to include only the designated portions of the video that have not been excluded as described above.

**THUS DONE AND SIGNED** in Chambers on this 12th day of May, 2020.

*/s/ James D. Cain, Jr.*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**